PARIENTE, J.,
dissenting.
I respectfully dissent from the order disapproving the recommendation of the Florida Board of Bar Examiners (Board) to grant B.U.U. conditional admission and further not allowing B.U.U. to reapply for admission to The Florida Bar for three years. This decision is too harsh considering the circumstances of B.U.U.’s case. Instead, I would increase B.U.U.’s period of conditional admission from one year to three years, requiring strict monitoring and strict compliance with the terms of the Consent Agreement.
Granting conditional admission as recommended by the Board is reasonable, considering that B.U.U. became and is presently a member of the California Bar, after graduating from Stetson University College of Law and receiving her Juris Doctor in 1998, as well as the other circumstances set forth in the Board’s Report and Recommendation. B.U.U. filed a Florida Bar Application in October 2010 and successfully completed all parts of the Florida Bar Examination in August 2011, so the process of evaluating her character *176 and fitness has spanned three years. The three-year period that the Court now sets during which B.U.U. is precluded from reapplying for admission will almost certainly require her to retake the Florida Bar Examination, which has a time limit of five years.
Despite initial concerns about B.U.U.’s financial stability, the Board concluded after a hearing that although she and her husband experienced financial difficulties, it appeared that her husband, from whom she is now separated, was the major cause of the financial problems. This, of course, does not excuse B.U.U. from responsibility for any past financial problems, but it is undisputed that she is now current with her past-due federal income taxes and her past-due California taxes and that she has an arrangement to repay her student loans at the rate of $1,450 per month. Therefore, the Board found the specification related to her finances not to be disqualifying in light of the mitigation presented.
The major concern that the Board continued to have was B.U.U.’s diagnosis of a major depressive disorder and a history of noncompliance with prescribed treatment. However, a mental health professional offered testimony that B.U.U. was “stable behaviorally and emotionally,” that her depressive situation was “circumstantial, not a character trait,” and that she was “working hard and diligently to build her sense of self so that she will make better choices and improve herself.” In addition to the mental health professional’s opinion, a medical report from Dr. Kenneth Pages stated that B.U.U. was in a state of remission from her depression and “has been on a stable, modest medication regimen [sic] that has been effective and well tolerated.” Accordingly, the Board did not find B.U.U.’s mental health problems to be disqualifying. Finally, the Board heard from attorney Andy Dogali, B.U.U.’s employer since June 2011, who testified that he had not had problems, and had no concerns, with B.U.U.’s candor.
The Board recommended conditional admission for a period of one year during which, as a condition of probation, B.U.U. would be required to comply with her Board contract, continue to consult with Dr. Pages or another mental health provider at least monthly and follow all instructions as to the proper treatment, and ensure that her mental health provider would submit quarterly reports to The Florida Bar during the entire term of probation, along with meeting other standard conditional admission provisions.
Although I also take seriously this Court’s role in ensuring that attorneys honor and uphold the law and that applicants meet the necessary standards of character and fitness for admission to the Bar, I dissent from the Court’s decision to deny B.U.U. admission and preclude her from reapplying for three years. Considering all of the circumstances, this decision appears to me to be unduly harsh, unwarranted, and unprecedented. For those reasons, I respectfully dissent.
QUINCE and PERRY, JJ., concur.